**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **M.H., C.H., and A.L.**

**No. 23-650** (Kanawha County 22-JA-62, 22-JA-63, and 22-JA-64)

**MEMORANDUM DECISION**

Petitioner Mother D.L.[1] appeals the Circuit Court of Kanawha County's October 16, 2023, order terminating her parental rights to M.H., C.H., and A.L., arguing that the evidence did not establish that the children were abused or neglected.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In February 2022, the DHS filed a petition alleging that the petitioner left the children—then between two and seven years old—home alone for several hours while she went to "party." Further, the home was alleged to be in an unsafe and uninhabitable condition as it contained animal feces, drug paraphernalia, and knives within the children's reach. There was very little food, and humane officers seized an emaciated dog from the home.[3] Based on this conduct, the DHS alleged that the petitioner abused and neglected the children.

At the preliminary hearing that same month, the DHS presented testimony from a Child Protective Services worker, who explained that the petitioner was arrested as a result of the circumstances giving rise to the petition's filing. The worker testified to facts in support of the DHS's petition, including that the home was "filthy" and dangerous for the children, who were left alone. In her testimony, the petitioner denied the allegations, claiming that she left the children

---

[1] The petitioner appears by counsel Carl J. Dascoli Jr. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Deputy Attorney General Steven R. Compton. Counsel Matthew Smith appears as the children's guardian ad litem.

[2] Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3] The DHS later filed an amended petition, the specifics of which are not relevant to the resolution of this appeal.

with P.H., the father of two of the children ("the father"). She further claimed that someone must have broken into her home and damaged it because the home was clean before her arrest. The father, who did not live in the petitioner's home, testified and denied that he was left to watch the children, claiming that he was not allowed in the vicinity of the petitioner's home. He also denied damaging the home.

In April 2022, the court held an adjudicatory hearing, at which it granted the DHS's motion to incorporate the testimony from the preliminary hearing. The petitioner then testified and again denied the allegations against her. The court, however, found the petitioner "incredible and not trustworthy" and decided to "completely disregard[] her testimony." Ultimately, the court concluded that the petitioner neglected the children by leaving them alone for several hours and exposing them to uninhabitable and unsafe conditions in the home.

Given that the petitioner's appeal turns on her adjudication, it is unnecessary to belabor the remaining procedural history below. Instead, it is sufficient to note that, following a final dispositional hearing in September 2023, the circuit court terminated the petitioner's parental rights to the children.[4] The petitioner appeals from the dispositional order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner raises a single assignment of error in which she claims that the DHS "failed to establish any factual basis for any conclusion that the petitioner's children were abused or neglected."[5] The petitioner, however, makes no attempt to challenge the circuit court's findings at adjudication and, instead, simply claims that she "stopped using drugs, and works fulltime." These claims, even if assumed true, have no bearing on the circuit court's adjudication.

---

[4] The fathers' parental rights were also terminated. The permanency plan for the children is adoption in the current placement.

[5] We note that the petitioner's assignment of error actually alleges error in the *termination* of her rights "when there was basically no evidence that was presented by the counsel for the [DHS] . . . that the Petitioner mother was responsible for any abuse and neglect thereby violating her fundamental constitutional rights." The petitioner, however, provides no argument concerning the termination of her rights. The petitioner's lone assignment of error also alleges that the court erred in refusing to admit into evidence the results of a hair follicle drug test. Again, however, the petitioner provides no actual argument in support of this assertion. As we have explained, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim." *State v. Kaufman*, 227 W. Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *see also* W. Va. R. App. P. 10(c)(7) (requiring the petitioner's brief to include "an argument exhibiting clearly the points of fact and law presented . . . and citing the authorities relied on"). Because the petitioner presents arguments that concern only the sufficiency of the evidence related to whether she abused or neglected the children, we decline to address these other issues.

In abuse and neglect cases, West Virginia Code § 49-4-601(i) "requires the [DHS] . . . to prove 'conditions existing at the time of the filing of the petition . . . by clear and convincing [evidence],'" though the statute "does not specify any particular manner or mode of testimony or evidence by which the [DHS] is obligated to meet this burden." Syl. Pt. 1, in part, *In re Joseph A.*, 199 W. Va. 438, 485 S.E.2d 176 (1997) (quoting Syl. Pt. 1, *W. Va. Dep't of Health and Hum. Res. ex rel. Wright v. Brenda C.*, 197 W. Va. 468, 475 S.E.2d 560 (1996)). Further, "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Brown v. Gobble*, 196 W. Va. 559, 564, 474 S.E.2d 489, 494 (1996). Based on the record, it is apparent that the circuit court was presented with clear and convincing evidence that the petitioner neglected the children.[6] West Virginia Code § 49-1-201 defines a "[n]eglected child," in relevant part, as one "[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary food, . . . shelter, [or] supervision." As set forth above, the court heard evidence that the young children were left alone for hours in a home that was unsafe and unfit for them. While the petitioner disputed this evidence, the court found her testimony lacked credibility. We decline to disturb this finding on appeal. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). As such, we conclude that the circuit court did not err in adjudicating the petitioner of neglect.

For the foregoing reasons, we find no error in the decision of the circuit court, and its October 16, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: November 6, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[6] Although the petitioner repeatedly makes reference to abuse and neglect, the circuit court adjudicated her of neglect only.